GREEN & HALL, A PROFESSIONAL CORPORATION
Howard D. Hall, Esq. (State Bar No. 145024)
Artin Betpera, Esq. (State Bar No. 244477)
1851 East First Street, 10th Floor
Santa Ana, California 92705-4052
Telephone:  (714) 918-7000
Facsimile:  (714) 918-6996

Attorneys for Defendant
SHEA MORTGAGE, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | Case No.:  2:13-cv-09128-BRO(JCGx) |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT** |
| vs. | |
| SHEA MORTGAGE, INC., | DATE:       March 3, 2014 |
| Defendant. | TIME:       1:30 p.m. |
| | CRTM:      14 |
| | Judge:       Hon. Beverly Reid O'Connell |
| | Action Filed:  December 11, 2013 |

PLEASE TAKE NOTICE that on March 3, 2014, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 14 of the above-entitled court, located at 312 North Spring Street, Los Angeles, CA 90012, Defendant, Shea Mortgage, Inc. ("Shea") will and does hereby move this Court pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for an order dismissing the Complaint for the following reasons:

1.    Plaintiff's First and Second Claims for Relief in the Complaint are time-barred by the statute of limitations which has accrued and run prior to the filing of this action for three of the five loans that form the basis of Plaintiff's claim; and

2.    Plaintiff's First and Second Claims for Relief in the Complaint also fail because the alleged representations and warranties given by Shea did not survive past the

1 life of the loans, where three of the five loans have been foreclosed and liquidated, and any
2 obligation of Shea to repurchase the loans or indemnify Plaintiff has thus been
3 extinguished.
4     This motion is based on this Notice of Motion and all points and authorities cited
5 therein, the record on file in this matter and such further evidence and argument as the
6 Court may permit or require at or prior to the time of the hearing on this Motion. This
7 Motion is made pursuant to a conference of counsel pursuant to L.R. 7-3, which began on
8 January 16, 2014; this Motion will be immediately withdrawn if counsel can resolve this
9 pleading dispute and avoid unnecessary motion practice.

10 Dated: January 23, 2014     GREEN & HALL, A PROFESSIONAL CORPORATION

By:   */s/ Artin Betpera*
    Howard D. Hall, Esq.
    Artin Betpera, Esq.
Attorneys for Defendant
SHEA MORTGAGE, INC.

2

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ......................................... 1

I. SUMMARY OF ARGUMENTS ................................................................. 1

II. OVERVIEW OF THE COMPLAINT ........................................................ 2

III. OVERVIEW OF THE LOANS ................................................................... 3

IV. ARGUMENT AND AUTHORITIES .......................................................... 4

    A. Chase's Claims for Breach of Contract and for Indemnification are Time-Barred Because the Statute of Limitations has Accrued and Run Prior to the Filing of This Action ....................... 4

    B. Chase's Claim for Breach of Contract and for Indemnification Fail Because the Representations and Warranties Given by Shea did not Survive Beyond the Life of the Loans ................................. 6

V. CONCLUSION ............................................................................................ 8

CERTIFICATE OF SERVICE ................................................................................ 9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ACE Sec. Corp. v. DB Structured Prods., Inc*.
   2013 WL 6670379 (N.Y. App. Div. Dec. 19, 2013) ................................. 5

*Akselrad v. Township of West Windsor*
   2007 WL 1261107 (N.J. Super. App. Div. May 2, 2007) ......................... 5

*Central Mtg. Co. v. Morgan Stanley Mtg. Cap. Holdings*
   2012 WL 3201139 (Del. Ch. Aug. 7, 2012) ............................................. 6

*Deerhurst v. Estates v. Meadow Homes, Inc.*
   165 A.2d 543 (N.J. Super. App. Div. 1961) ............................................. 7

*Gonzalez v. Wilshire Credit Corp*.
   25 A.3d 1103 (N.J. 2011) ......................................................................... 7

*In re Bridgepoint Nurseries*
   190 B.R. 215 (D.N.J. 1996) ...................................................................... 7

*Nix v. Option One Mortg. Corp*.
   No. Civ. 05-03685(RBK), 2006 WL 166451 (D.N.J. Jan. 19, 2006) ........ 4

*Silvestri v. Wells Fargo Bank Minnesota, N.A.*
   No. C-227-05, 2005 WL 2810698 (N.J. Super. App. Div. Oct. 27, 2005) ........................................................................................................ 7

*Township of West Windsor*
   2007 WL 1261107 (N.J. Super. App. Div. May 2, 2007) ......................... 5

*Virginia Beach Federal v. Bank of New York*
   299 N.J. Super. 181 (N.J. App. Div. 1997) .............................................. 7

*Vision Mortgage Corp., Inc. v. Chiapperini*
   156 N.J. 580 (1999) .................................................................................. 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(6) .................................................................................... 1

Fed. R. Civ. P. 12(d) and 56 ............................................................................. 1

N.J. Stat. Ann. §2A:14-1 .................................................................................. 5

## MEMORANDUM OF LAW AND AUTHORITIES

Defendant, Shea Mortgage, Inc. ("Shea"), moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss as time-barred the Complaint for Breach of Contract and Specific Performance (the "Complaint") filed by Plaintiff, JPMorgan Chase Bank, National Association ("Chase"). To the extent that this motion draws upon matters outside the pleadings simply to establish, *inter alia*, the dates on which the loans at issue were purchased by Plaintiff to show the untimeliness of Plaintiff's claims, Shea recognizes that this motion may be decided under Fed. R. Civ. P. 12(d) and 56. Shea thus moves in the alternative for summary judgment. The grounds for this motion are more fully set forth below in Shea's supporting memorandum.

### I.   SUMMARY OF ARGUMENTS

Plaintiff has sued Shea for an alleged breach of a Correspondent Origination and Sales Agreement ("Sales Agreement") and incorporated Chase Correspondent Lending Guide ("Lender's Guide" and together with the Sales Agreement, the "Agreement") executed between the parties for the sale and purchase of certain residential mortgage loans. More specifically, Plaintiff claims that Shea breached certain representations and warranties in the Agreement concerning five of the loans purchased by Plaintiff. As a preliminary matter and the subject of this motion, Plaintiff's claims are untimely under New Jersey law, which the parties agree is applicable to this lawsuit. (Compl. ¶11). Plaintiff's claims are also barred because the representations and warranties given by Shea, pursuant to the Sales Agreement, did not survive beyond the life of the loans.

First, New Jersey has a six-year statute of limitations for breach of contract claims. Therefore, the statute of limitations, which began to run when the supposed representations and warranties were allegedly breached, at the time of three loan sales on February 23, 2007, December 10, 2007, and December 11, 2007, respectively, ran in 2013. (*See* Ex. A; Ex. B, Declaration of Michael Cooney ("Cooney Decl."), ¶4). Plaintiff did not file this suit until December 11, 2013, after the statute of limitations expired for three of the five loans

that form the basis of Plaintiff's claim. As such, plaintiff's claims related to three of five loans are time-barred and must be dismissed.

Second, the representations and warranties set forth in the Sales Agreement are only enforceable while the loans still exist. Therefore, any alleged obligation on behalf of Shea to repurchase the loans only applies for so long as the loans remain viable, and have not yet been foreclosed. As a result, Plaintiff's claims are also barred as to at least three loans because Shea's repurchase obligations (and the underlying representations and warranties that allegedly trigger any such repurchase obligation) were extinguished once the loans were foreclosed.

## II.    OVERVIEW OF THE COMPLAINT

Chase is a national association with its home office in Ohio. (Compl. ¶4). On or about May 1, 2011, Chase became the successor by merger to Chase Home Finance, LLC, a Delaware limited liability company ("CHF"). (*Id.*). Prior to that, on or about January 1, 2005, CHF became the successor by merger to Chase Manhattan Mortgage Corporation, a New Jersey corporation ("CMMC"). (*Id.*). Shea is a correspondent lender that originated loans and sold them in the secondary mortgage market. (*Id.* ¶13).  Shea sold loans to Plaintiff, including the five loans at issue in this lawsuit (the "Loans"). (*Id.* Ex. B). The Loans were sold pursuant to a Sales Agreement between Shea and CMMC dated as of October 11, 2000. (*Id.* ¶¶6, 13, Ex. A). The Sales Agreement expressly incorporated additional terms and conditions set forth in the Lender's Guide. (*Id.* ¶7). Plaintiff does not attach the Lender's Guide to its Complaint, but describes it as including certain types of guidelines and procedures, rate reservation, underwriting and delivery requirements. (*Id.*). Plaintiff claims that representations and warranties made by Shea in the Sales Agreement were not true at the time they were made. (*Id.* ¶¶14-16).

Pursuant to the terms of Section 4.2 of the Sales Agreement, all representations and warranties regarding the Loans are deemed to have been made **at the time of Shea's sale of the loan to Plaintiff**. Plaintiff is notably silent in its Complaint as to when the loans were sold, but such dates are readily discernible from a review of the relevant records. In

addition, pursuant to the terms of Section 4.2 of the Sales Agreement, all of the representations and warranties set forth in Article IV "shall survive and continue in force for the full remaining **life of the Loan**." (*Id.* ¶6, Ex. A). In its pleading, Plaintiff refers to an Exhibit B, which sets forth in scant detail the alleged breaches of the representations and warranties under the Agreement with respect to the Loans. (*Id.* ¶13). Plaintiff claims that Shea has a repurchase obligation in those instances in which "foreclosures have not occurred and/or where the underlying real property securing the Loans has not been sold to third parties, including but not limited to Loan 1 and 2 in Exhibit B." (*Id.* ¶31) (Emphasis added).

As a result of these alleged breaches, Plaintiff makes two overlapping claims for relief: breach of contract (based on alleged breaches of representations and warranties in the contract) and breach of contract (for failing to indemnify Plaintiff for loss also based on alleged breaches of representations and warranties in the same contract).

### III. OVERVIEW OF THE LOANS

All of the Loans set forth in Exhibit B attached to Plaintiff's Complaint, with the exception of Loan No. 1 (Mitsuuchi) and Loan No. 4 (Robledo), were sold to Plaintiff on or before December 11, 2007, six years prior to the date this suit was filed. (*See* Ex. A; Cooney Decl. ¶4).[1] Therefore, claims involving three of the five Loans are time-barred. The sale dates are important because the representations and warranties are deemed to have been made and (allegedly) breached at the time the Loans were purchased by Plaintiff (§ 4.2 of the Sales Agreement), and, for purposes of the statute of limitations, Plaintiff's claims accrued *Id.* the alleged breach.

---

[1] In ruling on a motion to dismiss, the court "may consider extraneous documents to which a plaintiff refers in the complaint or on which the claims in the complaint were based without converting the motion to dismiss into one for summary judgment." *Andreyko v. Sunrise Sr. Living, Inc.*, Civ. No. 12-7240(KM), 2013 WL 5774129, at *3 (D.N.J. Oct. 24, 2013). Plaintiff's pleading fails to identify the dates on which the loans were sold, foreclosed, or when the properties securing the loans were liquidated. Plaintiff's silence cannot preclude Shea from moving to dismiss on the basis of these readily ascertainable and easily verified dates.

3

In addition, Plaintiff also claims that foreclosures have not occurred and/or the underlying real property securing the Loans has not been sold to third parties, for Loan No. 1 (Mitsuuchi) and Loan No. 2 (Green), which is also time-barred, in Exhibit B. (Compl. ¶31). It therefore implicitly (and accurately) acknowledges that the three remaining loans had already been foreclosed well before this suit was filed. Consequently, as described in the below chart, four of the five loans are either time-barred or not subject to repurchase because the properties have been liquidated:

|   | Borrower | Chase Loan No. | Shea Loan No. | Sale Date to Chase | Foreclosed and Sold to Third Party |
|---|---|---|---|---|---|
| 1 | *Mitsuuchi*[2] | xxxxxx6386 | xxxxxx0040 | December 31, 2007 | No |
| 2 | Green | xxxxxx5237 | xxxxxx0026 | **December 10, 2007** | No |
| 3 | Norman | xxxxxx5758 | xxxxxx0027 | **December 11, 2007** | **Yes** |
| 4 | Robledo | xxxxxx4834 | xxxxxx0019 | December 26, 2007 | Yes |
| 5 | Sheppard | xxxxxx4975 | xxxxxx0017 | **February 23, 2007** | **Yes** |

### IV. ARGUMENT AND AUTHORITIES

**A. Chase's Claims for Breach of Contract and for Indemnification are Time-Barred Because the Statute of Limitations has Accrued and Run Prior to the Filing of This Action**

"Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint or portions of a complaint may be dismissed for failure to state a claim upon which relief can be granted." *Nix v. Option One Mortg. Corp.*, No. Civ. 05-03685(RBK), 2006 WL 166451, at *2 (D.N.J. Jan. 19, 2006).[3] Section 7.8 of the Sales Agreement calls for the application of New Jersey law. (Compl. ¶11).

---

[2] If it is determined that the Mitsuuchi loan has in fact been foreclosed, but not yet sold to a third party, all five loans are either time-barred, or extinguished because the loan no longer exists.

[3] In Nix, the plaintiff filed claims under the Trust in Lending Act (TILA) and for breach of contract arising from a dispute over a residential mortgage loan agreement. The court granted a motion to dismiss as it related to the claim for breach of contract, finding that the claim was time-barred by New Jersey's six-year statute of limitations.

Under New Jersey law, a cause of action arising from an alleged breach of contract has a six-year statute of limitations. *See* N.J. Stat. Ann. §2A:14-1 ("every action at law ... for recovery upon a contractual claim ... shall be commenced within six years next after the cause of any such action shall have accrued."). New Jersey courts have recognized that, "Ordinarily, the statute of limitations begins to run from the moment of the wrong." *Akselrad v. Township of West Windsor*, 2007 WL 1261107, at *8 (N.J. Super. App. Div. May 2, 2007); *see also Vision Mortgage Corp., Inc. v. Chiapperini*, 156 N.J. 580, 586 (1999) ("all or even the greater part of the damages" need not have occurred before the cause of action arises).

Courts outside of New Jersey have recently adjudicated the issue of when a mortgage repurchase/indemnification claim accrues. Just last month, in *ACE Sec. Corp. v. DB Structured Prods., Inc*., 2013 WL 6670379 (N.Y. App. Div. Dec. 19, 2013), the New York State Appellate Division unanimously reversed the trial court's decision which denied defendant's motion to dismiss on statute of limitations grounds. The Appellate Division held that the statute of limitations for mortgage buyback claims begins to run on the date when the alleged breach of representations and warranties was made, rather than the later date on which the alleged failure to repurchase occurred. [4]

In support of its ruling, the Appellate Division explained that "[t]he motion court erred in finding that plaintiff's claims did not accrue until defendant either failed to timely cure or repurchase a defective mortgage loan. To the contrary, the claims accrued on the closing date of the [Mortgage Loan Purchase Agreement], March 28, 2006, when any breach of the representations and warranties contained therein occurred." *Id.* at *1. Likewise, "Delaware's statute of limitations for contract claims begins to run on the date of

---

[4] Here, because Plaintiff makes two overlapping claims for relief, both breach of contract (based on alleged breaches of representations and warranties in the contract) and breach of contract (for failing to indemnify Plaintiff for loss also based on alleged breaches of representations and warranties in the same contract), the statute of limitations analysis is the same for each count in Plaintiff's complaint.

5

the breach, regardless of whether the plaintiff is ignorant of the cause of action. That is established law and not subject to debate. Because representations and warranties about facts pre-existing, or contemporaneous with, a [sale] are to be true and accurate when made, a breach of such representations and warranties occurs on the date of the [sale's] closing and hence the cause of action accrues on that date." *Central Mtg. Co. v. Morgan Stanley Mtg. Cap. Holdings*, 2012 WL 3201139, *17 (Del. Ch. Aug. 7, 2012) (also dealing with the sale of mortgage loans) (internal quotations omitted). These and other cases thus stand solidly for the proposition that the statute of limitations, for the purposes of a mortgage buyback claim, begins to run on the date the loan was sold.

In this case, Chase filed its Complaint on December 11, 2013, asserting that Shea breached the Sales Agreement, *inter alia*, by "submitting the Correspondent Agreement Loans to [Chase] for purchase when such loans were not, in fact, eligible for purchase…" (Compl. ¶21). Pursuant to the terms of Section 4.2 of the Sales Agreement, all representations and warranties regarding the Loans are deemed to have been made, "as of the Purchase Date." The right to bring this claim (to the extent such a right ever existed), in other words, belonged to Chase from the date Chase purchased the Loans, based on the alleged misrepresentations in the loan file. Chase's breach of contract claim is therefore barred by the statute of limitations for any loan purchased on or before December 11, 2007 (six years prior to December 11, 2013). Here, the Sheppard loan sold to Chase on February 23, 2007, Green loan sold to Chase on December 10, 2007, and the Norman loan sold to Chase on December 11, 2007 are all time-barred. (*See* Ex. A; Cooney Decl. ¶4).

**B.   Chase's Claim for Breach of Contract and for Indemnification Fail Because the Representations and Warranties Given by Shea did not Survive Beyond the Life of the Loans**

Plaintiff's claims are also barred in regards to the Norman, Robledo, and Sheppard loans because the loans were foreclosed. The representations and warranties given by Shea, as set forth in the Sales Agreement, expressly were to terminate when the Loans themselves were terminated. In other words, Shea's supposed repurchase and indemnification

6

1  obligations extinguished upon foreclosure of each subject loan.  Section 4.2 of the Sales
2  Agreement states:

3  > All of the representations and warranties set forth in Article IV shall survive
4  > and continue in force <u>for the full remaining</u> **life of the Loan** and are made for
>   the benefit of Chase and its successors and assigns.

5  (*See* Compl., Ex. A) (emphasis added).

6  There can be little question that the effect of a foreclosure is to terminate a loan,
7  such that it ceases to exist.  *See*, *e.g., Gonzalez v. Wilshire Credit Corp.*, 25 A.3d 1103,
8  1117 (N.J. 2011) (citing 30A Myron C. Weinstein, New Jersey Practice, Law of Mortgages
9  § 31.36 (2d *581 ed. 2000)) (the "general rule" is that "a loan no longer exists after a
10 default leads to the entry of a final judgment.").  Under New Jersey law, "[i]t is well settled
11 law that upon entry of a final judgment of foreclosure, a mortgage merges into the final
12 judgment, and therefore ceases to exist from that date."  *Silvestri v. Wells Fargo Bank*
13 *Minnesota, N.A.*, No. C-227-05, 2005 WL 2810698, at *1 (N.J. Super. App. Div. Oct. 27,
14 2005) (citing *Virginia Beach Federal v. Bank of New York*, 299 N.J. Super. 181, 188 (N.J.
15 App. Div. 1997)); *see also In re Bridgepoint Nurseries*, 190 B.R. 215, 221 (D.N.J. 1996)
16 ("Under New Jersey law, the mortgage is merged into the final judgment of foreclosure and
17 the mortgage contract is extinguished.  As a result, upon entry of a foreclosure judgment all
18 contractual rights under the mortgage are merged into the foreclosure judgment.").

19 When interpreting a contract, New Jersey law requires an "examination solely into
20 that intent which is expressed or apparent in the writing."  *Deerhurst v. Estates v. Meadow*
21 *Homes, Inc.*, 165 A.2d 543, 550 (N.J. Super. App. Div. 1961).  "An actual intent which is
22 not made known in the instrument will not be given effect."  *Id.*  Moreover, "the law will
23 not enforce a different contract than the parties have seen fit to express in their writing."  *Id.*
24 "The ordinary meaning is to be given to words, unless circumstances show that a different
25 meaning is applicable."  *Id.* at 551.  The accepted standard for interpreting agreements is to
26 apply the same meaning recognized by a "reasonably intelligent person" who was familiar
27 with the "usages and circumstances surrounding the making of the writing."  *Id.*

28

In this case, the court should ascribe the plain and ordinary meaning to the term "life of the Loan" used in the Sales Agreement. Here, Loan No. 3 (Norman), Loan No. 4 (Robledo), and Loan No. 5 (Sheppard) referenced in Exhibit B attached to Plaintiff's Complaint have all been foreclosed and the properties securing the loans, subsequently liquidated. (Compl. ¶31). As a result, Plaintiff is barred from commencing litigation for any alleged breach of representations and warranties related to these three loans.

## V.  CONCLUSION

Plaintiff's claims for relief in the Complaint are time-barred by the statute of limitations, which expired prior to the filing of this action for three of the five loans that form the basis of Plaintiff's claim. Second, Plaintiff's claims also fail because the alleged representations and warranties given by Shea did not survive beyond the life of the loans, and three of the five loans have been foreclosed and liquidated. For all the foregoing reasons, and on the authorities cited, Shea requests that the Complaint be dismissed in its entirety as to the Sheppard, Green, Norman and Robledo loans.

Dated: January 23, 2014

GREEN & HALL, A PROFESSIONAL CORPORATION

By: */s/ Artin Betpera*
  Howard D. Hall, Esq.
  Artin Betpera, Esq.
Attorneys for Defendant
SHEA MORTGAGE, INC.

8

# EXHIBIT A

## TO SHEA'S MOTION TO DISMISS

## PURCHASE ADVICE FROM CHASE FOR GREEN, NORMAN, MITSUUCHI, & ROBLEDO LOANS

# CHASE ⬡

Phone: (800) 773-3968

Page: 1

**PURCHASE ADVICE - BATCH SUMMARY REPORT**

Shea Mortgage, Inc. (A2821)
130 Vantis, Ste 110
Aliso Viejo, CA 92656

To: Mike Cooney     Fax: (949) 389-7182

Run Date: **12/10/07**
Funding Date: **12/10/07**

Bank Name: **US BANK**
ABA #: ████0022
Credit To: **SHEA MORTGAGE INC COLL AC**
Further Credit: **SHEA MORTGAGE, INC**

City/State: **BOSTON, MA**
Acct #: ████████6533
Acct #:

| Loan # | Corr Loan # | Closed | Name | Last Paid Date | Rate % | Purchase Price % | Prin Balance | Int Adj | Disc | Escrow Balance | SRP % | SRP Amount | SRP Withheld | Buydown Fee | Fees | Lock Fee Adj | Net Wire |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ████5237 | ████0026 | 11/28/07 | Green, Dan | 12/1/07 | 5.250 | 96.05175 | 416,428.00 | 546.56 | -16,441.62 | -2,772.18 | 1.48330 | 6,175.63 | 0.00 | 0.00 | -194.00 | 0.00 | 403,742.39 |

SUBTOTAL: 1 Loan     403,742.39

GRAND TOTAL: 1 Loan     403,742.39

If a financial discrepancy is identified, please notify the appropriate Research Coordinator within 45 days of purchase by completing the Research Submission Form provided in your Lending Guide.

# CHASE ◯

Page: 1

Phone: (800) 773-3968

## PURCHASE ADVICE - BATCH SUMMARY REPORT

Run Date: 12/11/07
Funding Date: 12/11/07

Shea Mortgage, Inc. (A2821)
130 Vantis, Ste 110
Aliso Viejo, CA 92656

To: Mike Cooney  Fax: (949) 389-7182

Bank Name: **US BANK**
ABA #: ▆▆▆0022
Credit To: **SHEA MORTGAGE INC COLL AC**
Further Credit: **SHEA MORTGAGE, INC**

City/State: BOSTON, MA
Acct #: ▆▆▆▆6533
Acct #:

| Loan # | Corr Loan # | Closed | Name | Last Paid Date | Rate % | Purchase Price % | Prin Balance | Int Adj | Disc | Escrow Balance | SRP % | SRP Amount | SRP Withheld | Buydown Fee | Fees | Lock Fee Adj | Net Wire |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ▆▆▆0243 | ▆▆▆0007 | 11/16/07 | Wilson, Allan | 12/1/07 | 6.250 | 99.89410 | 206,060.00 | 357.74 | -218.22 | -981.24 | 1.4640 | 3,016.72 | 0.00 | 0.00 | -194.00 | 0.00 | 208,041.00 |
| ▆▆▆5758 | ▆▆▆0027 | 11/30/07 | Norman, Debra | 12/1/07 | 6.375 | 100.17050 | 417,000.00 / 738.44 | 710.99 / -1,871.38 / 1.3710 | 5,717.07 | 0.00 | 0.00 | -194.00 / | 0.00 | 422,101.12 / |

SUBTOTAL: 2 Loans 630,142.12

GRAND TOTAL: 2 Loans 630,142.12

If a financial discrepancy is identified, please notify the appropriate Research Coordinator within 45 days of purchase by completing the Research Submission Form provided in your Lending Guide.

# CHASE

Phone: (800) 773-3968

Shea Mortgage, Inc. (A2821)
130 Vantis, Ste 110
Aliso Viejo, CA 92656

To: Mike Cooney   Fax: (949) 389-7182

**PURCHASE ADVICE - BATCH SUMMARY REPORT**

Run Date: 12/13/07
Funding Date: 12/13/07

Bank Name: US BANK
ABA #: ####0022
Credit To: SHEA MORTGAGE INC COLL AC
Further Credit: SHEA MORTGAGE, INC

City/State: BOSTON, MA
Acct #: ####6533
Acct #:

| Loan # | Corr Loan # | Closed | Name | Last Paid Date | Rate% | Purchase Price % | Prin Balance | Int Adj | Disc | Escrow Balance | SRP % | SRP Amount | SRP Withheld | Buydown Fee | Fees | Lock Fee Adj | Net Wire |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ####7027 | ####0030 | 11/30/07 | Schermerhorn, Georgette M | 12/1/07 | 6.250 | 99.96900 | 520,500.00 | 1,084.38 | -161.36 | -4,162.14 | 1.1050 | 5,751.53 | 0.00 | 0.00 | -194.00 | 0.00 | 522,818.41 |
| ####7624 | ####0007 | 12/03/07 | cristorno, eric | 1/1/08 | 6.000 | 98.11400 | 692,000.00 | -2,191.33 | -13,051.12 | 0.00 | 1.0340 | 7,155.28 | 0.00 | 0.00 | -194.00 | 0.00 | 683,718.83 |
| ####1462 | ####0035 | 11/26/07 | MACDONALD, TOM | 12/1/07 | 6.250 | 99.74425 | 300,000.00 | 625.00 | -767.25 | 0.00 | 1.2840 | 3,852.00 | 0.00 | 0.00 | -194.00 | 0.00 | 303,515.75 |
| ####5769 | ####0000 | 11/30/07 | Ben David, Ilan | 12/1/07 | 6.125 | 99.91575 | 300,000.00 | 612.50 | -252.75 | -2,812.49 | 1.2050 | 3,615.00 | 0.00 | 0.00 | -194.00 | 0.00 | 300,968.26 |
| ####6003 | ####0009 | 11/30/07 | Shimada, Yukie | 12/1/07 | 5.250 | 96.18790 | 286,437.00 | 501.26 | -10,919.26 | 0.00 | 1.3640 | 3,907.00 | 0.00 | 0.00 | -194.00 | 0.00 | 279,732.00 |
| ####6386 | ####0040 | 10/31/07 | Mitsuuchi, Todd / | 12/1/07 | 6.500 | 100.05900 | 347,961.00 / | 753.92 / | 205.30 / | -1,855.80 / | 1.4830 / | 5,160.26 | 0.00 | 0.00 | -194.00 / | 0.00 | 352,030.68 / |
| ####9158 | ####0009 | 11/29/07 | COMELLA, ROBERT | 12/1/07 | 6.375 | 99.79550 | 417,000.00 | 886.13 | -852.76 | -827.16 | 1.3710 | 5,717.07 | 0.00 | 0.00 | -194.00 | 0.00 | 421,729.28 |

SUBTOTAL: 7 Loans   2,864,513.21

GRAND TOTAL: 7 Loans   2,864,513.21

If a financial discrepancy is identified, please notify the appropriate Research Coordinator within 45 days of purchase by completing the Research Submission Form provided in your Lending Guide.

Page: 1

# CHASE

Phone: (800) 773-3968

Shea Mortgage, Inc. (A2821)
130 Vantis, Ste 110
Aliso Viejo, CA 92656
To: Mike Cooney  Fax: (949) 389-7182

Bank Name: US BANK
ABA #: ███████0022
Credit To: SHEA MORTGAGE INC COLL AC
Further Credit: SHEA MORTGAGE, INC

## PURCHASE ADVICE - BATCH SUMMARY REPORT

Run Date: 12/28/07
Funding Date: 12/26/07

City/State: BOSTON, MA
Acct #: ████████6533
Acct #:

| Loan # | Corr Loan # | Closed | Name | Last Paid Date | Rate % | Purchase Price % | Prin Balance | Int Adj | Disc | Escrow Balance | SRP % | SRP Amount | SRP Withheld | Buydown Fee | Fees | Lock Fee Adj | Net Wire |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ████2336 | ████0068 | 12/07/07 | bhat, Shailesh | 1/1/08 | 6.750 | 98.77000 | 820,146.00 | -922.66 | -10,087.80 | 0.00 | 1.0890 | 8,931.39 | 0.00 | 0.00 | -194.00 | 0.00 | 817,872.93 |
| ████6010 | ████0049 | 12/11/07 | JOHNSON, CHELSIE | 1/1/08 | 5.875 | 99.25760 | 273,137.00 | -267.45 | -2,027.77 | 0.00 | 1.3640 | 3,725.59 | 0.00 | 0.00 | -194.00 | 0.00 | 274,373.37 |
| ████4834 | ████1019 | 12/18/07 | ROBLEDO, LEONARD | 1/1/08 | 6.500 | 99.92410 | 368,865.00 | -399.60 | -279.97 | -2,942.36 | 1.4830 | 5,470.27 | 0.00 | 0.00 | -194.00 | 0.00 | 370,519.34 |

SUBTOTAL: 3 Loans 1,462,765.64

GRAND TOTAL: 3 Loans 1,462,765.64

* If a financial discrepancy is identified, please notify the appropriate Research Coordinator within 45 days of purchase by completing the Research Submission Form provided in your Lending Guide.

Page: 1

# EXHIBIT B

## TO SHEA'S MOTION TO DISMISS

## DECLARATION OF MICHAEL COONEY (SHEPPARD LOAN)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA,
WESTERN DIVISION

CASE NO. 2:13-cv-09128-BRO-JCG

JPMorgan Chase Bank, National Association,

    Plaintiff,

vs.

Shea Mortgage, Inc., a California corporation,

    Defendant.

## DECLARTION OF MICHAEL COONEY IN SUPPORT OF SHEA MORTGAGE'S MOTION TO DISMISS

I, Michael Cooney, under penalty of perjury, declare as follows:

1. I am over 18 years of age and competent to testify if so called. All statements made herein are true and correct and based upon my personal knowledge gained from a review of the business records of Shea Mortgage, Inc. ("Shea").

2. I am currently employed by Shea as Senior Vice President of Secondary Marketing. I have been employed by Shea for the past 8 years. In my position, I have access to the business records of Shea, and have extensive familiarity with these records.

3. Shea is a residential mortgage company affiliated with Shea Homes (one of the nation's leading homebuilders). Over a period of several years, Shea sold residential mortgage loans to the entity now known as JPMorgan Chase Bank, National Association ("Chase").

4. In this matter, Shea sold residential mortgage loans to Chase under a Correspondent Origination and Sales Agreement (the "Agreement"), including a residential mortgage loan issued to borrower James Sheppard (Shea Loan No. xxxxxx0017 / Chase Loan No. xxxxxx4975) (the "Sheppard Loan"). Shea funded the Sheppard Loan on January 31, 2007, and subsequently sold the Sheppard Loan to Chase on February 23, 2007.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: January 22, 2014

_____
Michael Cooney