LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-09128 BRO (JCGx) | Date | March 19, 2013 |
|---|---|---|---|
| Title | JPMorgan Chase Bank N.A. v. Shea Mortgage Inc. | | |

| Present: The Honorable | BEVERLY REID O'CONNELL, United States District Judge | |
|---|---|---|
| Renee A. Fisher | Not Present | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS)

## ORDER RE MOTION TO DISMISS [11]

Before the Court is Shea Mortgage, Inc.'s Motion to Dismiss pursuant to 12(b)(6). After consideration of the papers filed in support of and in opposition to the instant motion, the Court deems this matter appropriate for decision without oral argument of counsel. *See* Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15. For the following reasons, Defendant's motion is **GRANTED IN PART AND DENIED IN PART.**

## I. BACKGROUND

Plaintiff JPMorgan Chase Bank, N.A. is a national association with its main office in Columbus, Ohio. (Dkt. No. 1 ¶ 4.) Defendant Shea Mortgage, Inc. is a California corporation with its principal place of business in Walnut, California. (*Id.* ¶ 5.) The causes of action arise from a Correspondent Origination and Sales Agreement (COSA) signed by Plaintiff and Defendant on October 11, 2000. (*Id.* ¶ 6.) The COSA governed the duties and obligations of the parties with respect to the origination, sale and transfer of residential mortgage loans by Defendant to Plaintiff. (*Id.*)

In the COSA, Defendant made several representations and warranties as to the loans at the time of the sales. (Dkt. No. 1 ¶ 8.) Though the COSA was signed in 2000, the first loan sale was on February 23, 2007—the Sheppard loan. (Dkt. No. 11 at 4.) Plaintiff purchased four additional loans from Defendant: (1) the Green loan, on December 10, 2007; (2) the Norman loan, on December 11, 2007; (3) the Robledo loan, on December 26, 2007; and (4) the Mitsuuchi loan, on December 31, 2007. (*Id.*) After the sale of these loans, Plaintiff alleges it discovered that the loans failed to comply with the terms and conditions of the COSA, and that Defendant violated its own representations and

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-09128 BRO (JCGx) | Date | March 19, 2013 |
|---|---|---|---|
| Title | JPMorgan Chase Bank N.A. v. Shea Mortgage Inc. | | |

warranties made to Plaintiff as a result. (Dkt. No. 1 ¶ 16.) In addition, Plaintiff alleges Defendant breached the COSA by refusing to repurchase fraudulent loans upon request of Plaintiff, and that Defendant was required to indemnify Plaintiff's losses. (*Id.* ¶ 21.)

Plaintiff filed the present suit on December 11, 2013, alleging two causes of action: (1) breach of contract for violation of representations or warranties; and (2) breach of contract for failure to indemnify. (Dkt. No. 1 ¶¶ 12-29.) Defendant filed a motion to change venue to the Southern Division of the U.S. District Court for the Central District of California on January 15, 2014, which this Court denied. (Dkt. Nos. 6, 10.) Defendant then filed the present motion to dismiss on January 23, 2014. (Dkt. No. 11.) Plaintiff opposed the motion on February 10, 2014. (Dkt. No. 14.) Plaintiff then replied on February 14, 2014. (Dkt. No. 15.)

## II. LEGAL STANDARD

Under Rule 8(a), a complaint must contain a "short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a). If a complaint fails to do this, the defendant may move to dismiss it under Rule 12(b)(6). Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted) (emphasis added). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, there must be "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility'" that the plaintiff is entitled to relief. *Id.*

In ruling on a motion to dismiss for failure to state a claim, a court should follow a two-pronged approach: (1) first, discount conclusory statements, which are not presumed to be true; and then, assuming any factual allegations are true, (2) determine "whether they plausibly give rise to entitlement to relief." *See id.* at 679; *see also Chavez v. U.S.*, 683 F.3d 1102, 1108 (9th Cir. 2012). A court should consider the contents of the complaint and its attached exhibits, documents incorporated into the complaint by

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-09128 BRO (JCGx) | Date | March 19, 2013 |
|---|---|---|---|
| Title | JPMorgan Chase Bank N.A. v. Shea Mortgage Inc. | | |

reference, and matters properly subject to judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Where a motion to dismiss is granted, a district court should provide leave to amend unless it is clear that the complaint could not be saved by any amendment. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008) (citation omitted).

## III. DISCUSSION

According to the Agreement in question, New Jersey law is controlling. (Dkt. No. 1 at 28) ("This Agreement and the interpretation of its terms shall be governed by the laws of the State of New Jersey…") The Parties agree that New Jersey law governs, but disagree about its implications for Plaintiff's claims. Plaintiff alleges claims based on two distinct breaches of the contract for each loan pleaded in Exhibit B of the Complaint. According to Chase, the first claim is based in Defendant's breach of the representations and warranties. (Dkt. No. 14 at 3.) Plaintiff bases its second claim on Defendant's subsequent breach of the indemnity clause. (Dkt. No. 14 at 3.) Plaintiff asserts two separate arguments as grounds for dismissal: (1) both causes of action for the Green, Norman, and Robledo loans are time-barred; and (2) the representations and warranties set forth in the Sales Agreement terminated during the foreclosure of the Norman, Robledo, and Sheppard loans.[1] (Dkt. No. 11 at 4.) The Court will consider each argument in turn.

### A. Statute of Limitations

Under New Jersey law, every action "for recovery upon a contractual claim or liability… shall be commenced within 6 years next after the cause of any such action shall have accrued." N.J. Stat. Ann. § 2A:14-1. Plaintiff brought the present action on December 11, 2013. (Dkt. No. 1.) Defendant asserts that the statute of limitations for both

---

[1] Plaintiff does not argue that the Mitsuuchi loan is time-barred or that the property has been foreclosed upon. As such, the allegations as to the Mitsuuchi loan will stand.

Case 2:13-cv-09128-BRO-JCG   Document 21   Filed 03/19/14   Page 4 of 7   Page ID #:156

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-09128 BRO (JCGx) | Date | March 19, 2013 |
|---|---|---|---|
| Title | JPMorgan Chase Bank N.A. v. Shea Mortgage Inc. | | |

the breach of contract with regards to representations and warranties made by Plaintiff and the breach of contract with regards to indemnification ran on the date each loan was purchased. (Dkt. No. 11 at 6.) Plaintiff argues that the indemnity claims accrued after the purchase dates, but is silent as to the breach of representations and warranties date of accrual. The Court will examine the accrual dates of both claims.

### 1. *Breach of Representations or Warranties*

A breach of contract claim will prevail under New Jersey law when the plaintiff proves: "(1) a valid contract existed between plaintiff and defendant; (2) plaintiff breached the contract; (3) defendant performed its obligations under the contract, and (4) defendant was damaged as a result of the breach." *Video Pipeline, Inc. v. Buena Vista Home Entm't, Inc.*, 275 F. Supp. 2d 543, 566 (D.N.J. 2003). Causes of action accrue on "the date on which 'the right to institute and maintain a suit' first arose." *Rosenau v. City of New Brunswick*, 238 A. 2d 169, 172 (N.J. 1968) (quoting *Fredericks v. Town of Dover*, 15 A. 2d 784, 787 (E. & A. 1940)).

Here, Section 4.2 of the COSA specifically states that the representations and warranties owed to Plaintiff were made "as of the Purchase Date." (COSA § 4.2.) Given that Plaintiff alleges Defendant breached the COSA by "submitting the Correspondent Agreement Loans to [Plaintiff] for purchase when such loans were not, in fact, eligible for purchase…because the Correspondent Agreement Loans did not meet the requirements and criteria of the Correspondent Agreement and/or Correspondent Lending Guide," the Court finds the alleged breach of the representations and warranties occurred on the purchase date of each loan. (Dkt. No. 1 ¶ 21.)

Defendant asserts that the Sheppard loan (February 23, 2007), the Green loan (December 10, 2007), and the Norman loan (December 11, 2007) are all time-barred, as the six-year statute of limitations had expired. (Dkt. No. 11 at 4.) As the present suit was filed on December 11, 2013, the Sheppard and Green loans were purchased more than six years prior to the filing of the lawsuit. As such, the breach of representations or warranties claim as to the Sheppard and Green loans are time-barred, and therefore are **DISMISSED WITH PREJUDICE.**

As to the Norman loan, the loan was purchased exactly six years prior to the filing of the lawsuit. In New Jersey, "in the computation of time prescribed by a statute of

Case 2:13-cv-09128-BRO-JCG Document 21 Filed 03/19/14 Page 5 of 7 Page ID #:157

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-09128 BRO (JCGx) | Date | March 19, 2013 |
|---|---|---|---|
| Title | JPMorgan Chase Bank N.A. v. Shea Mortgage Inc. | | |

limitations, the first day, or the day upon which the cause of action accrued, is to be excluded." *Hein v. GM Const. Co.*, 749 A. 2d 422, 423 (N.J. Super. Ct. App. Div. 2000). As such, the alleged breach of warranties or representations as to the Norman loan accrued beginning on December 12, 2007. Therefore, Plaintiff filed this lawsuit within the six year statute of limitations as to the Norman loan.

        2.     *Indemnification*

Defendant argues that Plaintiff's indemnification claim also accrued on the purchase date of each respective loan. (Dkt. No. 11 at 4.) A cause of action for indemnity under New Jersey law "has traditionally been considered to accrue when an indemnitee becomes responsible to pay on a claim." *McNally v. Providence Washington Ins. Co.*, 698 A. 2d 543, 548 (N.J. Super. Ct. App. Div. 1997) (citing *Holloway v. State*, 593 A. 2d 716 (N.J. 1991)). Likewise, contractual indemnity "accrues at the point that the liability is discharged by payment and the indemnitee suffers an actual loss." *First Indem. of Am. V. Kemenash*, 744 A. 2d 691, 696 (N.J. Super. Ct. App. Div. 2000) (citing *Bernstein v. Palmer Chev. & Olds., Inc.*, 206 A. 2d 176 (N.J. App. Div. 1965).

Given that indemnity claims do not accrue until liability is discharged by payment, Defendant's argument that the indemnification cause of action accrued on the date of the respective loan purchases is unfounded. Plaintiff alleges that it "has suffered losses in that it has repurchased the loans from its investor or has made its investor whole for the losses suffered by its investor… [Defendant] is contractually liable to indemnify [Plaintiff] for such losses." (Dkt. No. 1 ¶ 26.) Exhibit B to Plaintiff's complaint indicates that the earliest date of a loss that could trigger the indemnity provision of the COSA was June 7, 2011, well within the six year statute of limitations. (Dkt. No. 1 Ex. B.)

The Court finds the case law cited to show the indemnification cause of action accrued on the purchase dates inapposite to this case. First, *Ace Sec. Corp. v. DB Structured Prod., Inc.*, 977 N.Y.S. 2d 229 (N.Y. App. Div. 2013), does not contain an indemnification cause of action, nor does it apply New Jersey law. Second, *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 2012 WL 3201139 at *6 (Del. Ch. Aug. 7, 2012), is an unpublished Delaware case involving a breach of contract claim for failing to repurchase loans. The court specifically noted that none of the contracts involved in the sale of those loans "contained any indemnification provision in favor of [the plaintiff]." *Id.* In addition, the court applied Delaware law, not New Jersey law. *Id.* at

LINK:

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-09128 BRO (JCGx) | Date | March 19, 2013 |
|---|---|---|---|
| Title | JPMorgan Chase Bank N.A. v. Shea Mortgage Inc. | | |

*16. As such, Plaintiff's indemnification cause of action is not time-barred for any of the five loans.

### B. Termination of Representations and Warranties

Defendant next argues that the causes of action are barred as to the Norman, Robledo, and Sheppard loans because the representations and warranties extinguished upon foreclosure of each of the respective loans. (Dkt. No. 11 at 4, 7.) Defendant focuses on Section 4.2 of the COSA, which states in part "[a]ll of the representations and warranties set forth in Article IV shall survive and continue in force for the full remaining life of the Loan and are made for the benefit of Chase and its successors and assigns." (Dkt. No. 11 at 7.) Defendant argues that the foreclosures of the Norman, Robledo, and Sheppard loans extinguished any cause of action Plaintiff may have had related to the alleged representations and warranties of the COSA. (*Id.* at 8.) In addition, Defendant urges the Court to examine the COSA looking "solely into that intent which is expressed or apparent in the writing" and to give ordinary meaning to the words of the contract. (*Id.* at 7.)

While the Court recognizes the fact that the representations and warranties were terminated when the loans were foreclosed upon, the Court fails to see how that can be interpreted to suggest that Plaintiff's causes of action are also terminated. Plaintiff has properly alleged a breach of contract as to the representations and warranties made by Defendant at the time of sale of the mortgages. (*See* Dkt. No. 1 ¶¶ 12–22.) As discussed earlier, the six year statute of limitations to bring the cause of action began to accrue when the representations and warranties were allegedly breached, which occurred at the time of the sale, and runs for the full six years. In addition, there is nothing in the COSA to suggest that causes of action terminate when the loan ends. Defendant's interpretation that the foreclosures terminated Plaintiff's causes of action is unfounded in the text of the COSA. The Court finds no dispute that "a loan no longer exists after a default leads to the entry of a final judgment." *Gonzalez v. Wilshire Credit Corp.*, 25 A. 3d 1103, 1117 (N.J. 2011). But to say that a cause of action related to a loan in default is also terminated simply because the loan is terminated does not follow logically without some evidence in the COSA that states otherwise. As Defendant has failed to demonstrate this evidence to the Court, Defendant's argument is unpersuasive to dismiss Plaintiff's claims.

/

LINK:

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

| Case No. | CV 13-09128 BRO (JCGx) | Date | March 19, 2013 |
|---|---|---|---|
| Title | JPMorgan Chase Bank N.A. v. Shea Mortgage Inc. | | |

## IV. CONCLUSION

For the foregoing reasons, the Court **ORDERS** the following:

1. The Court **GRANTS** Defendant's motion in part and **DISMISSES WITH PREJUDICE** the breach of representations or warranties cause of action as to the Sheppard and Green loans.

2. The Court **DENIES** Defendant's motion as to the breach of representations or warranties cause of action for the Norman, Mitsuuchi, and Robledo loans.

3. The Court **DENIES** Defendant's motion as to the indemnification cause of action for the Sheppard, Green, Norman, Mitsuuchi, and Robledo loans.

|  | : |
|---|---|
| Initials of Preparer | rf |