1   Sean D. Muntz (223549)
    sean.muntz@bryancave.com
2   Alyson Dudkowski
    dudkowskia@bryancave.com
3   Bryan Cave LLP
4   3161 Michelson Drive, Suite 1500
    Irvine, CA 92612-4414
5   Telephone: (949) 223-7000
    Facsimile:  (949) 223-7100
6   -and-
7   Gregory M. Sudbury
    gsudbury@qslwm.com
8   Admitted Pro Hac
    Quilling, Selander, Lownds,
9   Winslett & Moser, P.C.
10  2001 Bryan Street, Suite 1800
    Dallas, Texas 75201
11  Telephone: (214) 880-1878
    Facsimile: (214) 871-2111
12  ATTORNEYS FOR PLAINTIFF
    JPMORGAN CHASE BANK, N.A.
13

14  Howard D. Hall (145024)
    Artin Betpera (244477)
15  Green & Hall, A Professional Corporation
16  1851 East First Street, 10th Floor
    Santa Ana, CA 92705-4052
17  Telephone: (714) 918-7000
    Facsimile: (714) 918-6996
18  -and-
    Philip R. Stein
19  Admitted Pro Hac Vice
    Anthony V. Narula
20  Admitted Pro Hac Vice
21  Bilzin Sumberg Baena Price & Axelrod LLP
    1450 Brickell Avenue, 23rd Floor
22  Miami, FL 33131
    Telephone: (305) 374-7580
23  Facsimile: (305) 374-7593
24  ATTORNEYS FOR DEFENDANT
    SHEA MORTGAGE, INC.

25

26

27

28

1

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A., | § CIVIL ACTION NO. 2:13-cv-09128-<br>§ BRO(JCGx) |
| Plaintiff, | § |
| | § **PROTECTIVE ORDER** |
| v. | § |
| | § Judge:    Hon. Jay C. Gandhi |
| SHEA MORTGAGE, INC. | § Action Filed:  December 11, 2013 |
| | § |
| Defendant. | § |

The parties to this Protective Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1.    <u>Good cause</u>.  Good cause exists for the entry of this Protective Order because the production of financial information related to borrowers who are not parties to this action is contemplated, and the protection of such information is imperative in order to safeguard the privacy rights of borrowers whose loans are relevant to the claims and defenses of the parties in this matter.

2.    <u>Scope</u>.  All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

3.    <u>Confidential Information</u>.  As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:  (a) information prohibited from disclosure

by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) personal identity information; or (e) personnel, employment, or financial records of a person who is not a party to the case.  Information or documents that are available to the public may not be designated as Confidential Information.

4.   <u>Designation</u>.

(a)   A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time the documents are produced or disclosed.  Applying the marking "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order.  Any copies that are made of any documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b)   The designation of a document as Confidential Information is a certification by an attorney of the parties in this matter that the document contains Confidential Information as defined in this order.

5.   <u>Depositions</u>.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential

1   Information until the expiration of the following: no later than the fourteenth day

2   after the transcript is delivered to any party or the witness, and in no event later

3   than sixty days after the testimony was given.  Within this time period, a party may

4   serve a Notice of Designation to all parties of record as to specific portions of the

5   testimony that are designated Confidential Information, and thereafter only those

6   portions identified in the Notice of Designation shall be protected by the terms of

7   this Order. The failure to serve a timely Notice of Designation shall waive any

8   designation of testimony taken in that deposition as Confidential Information,

9   unless otherwise ordered by the Court.

10        6.     Protection of Confidential Material.

11            (a)     General Protections.  Confidential Information shall not

12   be used or disclosed by the parties, counsel for the parties or any other persons

13   identified in subparagraph (b) for any purpose whatsoever other than in this

14   litigation, including any appeal thereof.

15            (b)     Limited Third-Party Disclosures.  The parties and

16   counsel for the parties shall not disclose or permit the disclosure of any

17   Confidential Information to any third person or entity except as set forth in

18   subparagraphs (1)-(9). Subject to these requirements, the following categories of

19   persons may be allowed to review Confidential Information:

20                 (1)     Counsel.  Counsel for the parties and employees of

21   counsel who have responsibility for the action;

22                 (2)     Parties.   Individual parties as well as current and

23   former employees of a party;

24                 (3)     The Court and its personnel;

25                 (4)     Court Reporters and Recorders.  Court reporters

26   and recorders engaged for depositions;

27                 (5)     Contractors. Those persons specifically engaged

28   for the limited purpose of making copies of documents or organizing or processing

4

1  documents, including outside vendors hired to process electronically stored
2  documents;

3              (6)    Consultants and Experts. Consultants,
4  investigators, or experts employed by the parties or counsel for the parties to assist
5  in the preparation and trial of this action but only after such persons have
6  completed the certification contained in Attachment A, Acknowledgment of
7  Understanding and Agreement to Be Bound;

8              (7)    Witnesses at depositions. During their
9  depositions, witnesses in this action to whom disclosure is reasonably necessary.
10  Witnesses shall not retain a copy of documents containing Confidential
11  Information, except witnesses may receive a copy of all exhibits marked at their
12  depositions in connection with review of the transcripts.

13              (8)    Author or recipient. The author or recipient of the
14  document (not including a person who received the document in the course of
15  litigation); and

16              (9)    Others by Consent. Other persons only by written
17  consent of the producing party or upon order of the Court and on such conditions as
18  may be agreed or ordered.

19              (c)    Control of Documents. Counsel for the parties shall
20  make reasonable efforts to prevent unauthorized or inadvertent disclosure of
21  Confidential Information. Counsel shall maintain the originals of the forms signed
22  by persons acknowledging their obligations under this Order for a period of three
23  years after the termination of the case.

24          7.    Inadvertent Failure to Designate. An inadvertent failure to
25  designate a document as Confidential Information does not, standing alone, waive
26  the right to so designate the document; provided, however, that a failure to serve a
27  timely Notice of Designation of deposition testimony as required by this Order,
28  even if inadvertent, waives any protection for deposition testimony. If a party

1   designates a document as Confidential Information after it was initially produced,

2   the receiving party, on notification of the designation, must make a reasonable

3   effort to assure that the document is treated in accordance with the provisions of

4   this Order.  No party shall be found to have violated this Order for failing to

5   maintain the confidentiality of material during a time when that material has not

6   been designated Confidential Information, even where the failure to so designate

7   was inadvertent and where the material is subsequently designated Confidential

8   Information.

9          8.     Filing of Confidential Information.  This Order does not, by

10  itself, authorize or require the filing of any document under seal.  Any filing of

11  Confidential Information with the Court under seal must comply with Local Rule

12  79-5.

13         9.     No Greater Protection of Specific Documents.  Except on

14  privilege grounds not addressed by this Order, no party may withhold information

15  from discovery on the ground that it requires protection greater than that afforded

16  by this Order unless the party moves for an order providing such special protection.

17         10.    Challenges by a Party or Non-Party to Designation as

18  Confidential Information. Challenges to the designation of Confidential

19  Information may be made by a party or non-party.  Challenges made by a party

20  shall comply with Local Rule 37.0, *et. seq.*, including the requirement that parties

21  submit a joint stipulation concerning matters in dispute.

22         11.    Action by the Court.  Any applications to the Court relating to

23  the materials or documents designated as Confidential Information shall be in

24  accordance with the Local Rules.

25         12.    Use of Confidential Documents or Information at Trial.

26  Nothing in this Order shall be construed to affect the use of any document,

27  material, or information at any trial or hearing.

28

13.     <u>Confidential Information Subpoenaed or Ordered Produced in Other Litigation</u>.

(a)     If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Confidential Information by the other party to this case.

14.     <u>Obligations on Conclusion of Litigation</u>.

(a)     <u>Order Continues in Force</u>.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

1        (b)    <u>Obligations at Conclusion of Litigation</u>.  Within sixty-

2  three days after dismissal or entry of final judgment not subject to further appeal,

3  upon written request of the producing party,  all Confidential Information and

4  documents marked "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"

5  under this Order, including copies as defined in ¶ 3(a), shall be returned to the

6  producing party unless:  (1) the document has been offered into evidence or filed

7  without restriction as to disclosure; (2) the parties agree to destruction to the extent

8  practicable in lieu of return;  or (3) as to documents bearing the notations,

9  summations, or other mental impressions of the receiving party, that party elects to

10  destroy the documents and certifies to the producing party that it has done so.

11        (c)    <u>Retention of Work Product and one set of Filed</u>

12  <u>Documents</u>.  Notwithstanding the above requirements to return or destroy

13  documents, counsel may retain (1) attorney work product, including an index that

14  refers or relates to designated Confidential Information so long as that work

15  product does not duplicate verbatim substantial portions of Confidential

16  Information, and (2) one complete set of all documents filed with the Court

17  including those filed under seal.  Any retained Confidential Information shall

18  continue to be protected under this Order.  An attorney may use his or her work

19  product in subsequent litigation, provided that its use does not disclose or use

20  Confidential Information.

21        (d)    <u>Deletion of Documents filed under Seal from</u>

22  <u>Electronic Case Filing (ECF) System</u>.  Filings under seal shall be deleted from

23  the ECF system only upon order of the Court.

24        15.    <u>Order Subject to Modification</u>.  This Order shall be subject to

25  modification by the Court on its own initiative, or by Court Order approving the

26  parties' stipulation to a modification of the terms of the existing protective order.

27        16.    <u>No Prior Judicial Determination</u>.  This Order is entered based

28  on the representations and agreements of the parties and for the purpose of

facilitating discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

17.   <u>Persons  Bound</u>.   This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED.**

DATED:  July 21, 2014

U.S. MAGISTRATE JUDGE
JAY C. GANDHI

ATTACHMENT A

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JPMORGAN CHASE BANK, N.A.,<br><br>Plaintiff,<br><br>v.<br><br>SHEA MORTGAGE, INC.,<br><br>Defendant. | CIVIL ACTION NO. 2:13-cv-09128-BRO(JCGx)<br><br>**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND TO PROTECTIVE ORDER** |

The undersigned hereby acknowledges that he/she has read the Protective Order dated in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Central District of California in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address _____

_____

_____

DATED: _____    _____
Signature

10